36 F.3d 1095
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lemere L. WHITESTONE, Defendant-Appellant.
 No. 93-5960.
 United States Court of Appeals, Fourth Circuit.
 Submitted: August 23, 1994.
Decided: September 26, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, Chief District Judge. (CR-93-178)
 Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.
 Rebecca A. Betts, United States Attorney, J. Kirk Brandfass, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before MURNAGHAN and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Lemere L. Whitestone appeals the sentence he received following his guilty plea to possession of 1.96 grams of crack with intent to distribute on July 30, 1992 (21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994)). He contends that the district court clearly erred in including as relevant conduct 8.92 grams of crack which he was charged with possessing on June 18, 1993, in a separate count which was dismissed. We affirm.
 
 
 2
 A confidential informant made a controlled buy of two rocks of crack weighing a total of .28 grams from Whitestone on July 30, 1992, in downtown Charleston, West Virginia. This distribution was the basis for Count One of the indictment.
 
 
 3
 At the time of the controlled buy, Whitestone was a passenger in a white Oldsmobile. Later the same evening, the Oldsmobile was stopped by police. As they approached, Whitestone threw from the car a container holding fourteen rocks of crack with a total weight of 1.96 grams. He was carrying $150, and $50 of that amount was recorded money he had received from the informant.* Count Two charged that Whitestone possessed this crack with intent to distribute; Whitestone pled guilty to this charge.
 
 
 4
 In June of 1993, police responded to a report of drug dealing in a housing project in Charleston, and encountered Whitestone, who walked hurriedly away from them. When the police pursued him on foot, Whitestone went behind a tree, then walked away from it. Police found two plastic bags behind the tree containing fifty-seven rocks of crack which weighed 8.92 grams. Count Three charged that Whitestone possessed the 8.92 grams of crack with intent to distribute. This count was dismissed after Whitestone's guilty plea.
 
 
 5
 The probation officer included the 8.92 grams as relevant conduct, suggesting that it was part of the same course of conduct or a common scheme or plan. United States Sentencing Commission, Guidelines Manual, Sec. 1B1.3(a)(2) (Nov.1993). Over Whitestone's objection, the district court found that it was relevant conduct and sentenced Whitestone to a term of sixty-three months. On appeal, Whitestone claims that the district court's decision was clearly erroneous. See United States v. Williams, 977 F.2d 866, 870 (4th Cir.1992) (determination whether other acts of drug distribution are part of the same course of conduct is fact finding subject to clearly erroneous standard of review), cert. denied, 61 U.S.L.W. 3583 (U.S.1993).
 
 
 6
 This Court has held that, in determining whether separate acts are part of the same course of conduct or a common scheme or plan, the significant elements to be considered are "the similarity, regularity, and temporal proximity between the offense of conviction and the uncharged conduct." United States v. Mullins, 971 F.2d 1138, 1144 (4th Cir.1992) (construing 1991 guidelines).
 
 
 7
 In the 1993 version of section 1B1.3 applicable here, the commentary to guideline section 1B1.3(a)(2) distinguishes between "common scheme or plan" and "same course of conduct." For two offenses to be part of a common scheme or plan, they must be substantially connected to each other by a common factor such as common victims, common accomplices, common purpose, or similar modus operandi. U.S.S.G. Sec. 1B1.3, comment. (n.9(A)). Offenses that are not part of a common scheme or plan may be part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of an ongoing series of offenses. Factors to be considered are the degree of similarity of the offenses and the time interval between them. U.S.S.G. Sec. 1B1.3, comment. (n.9(B)).
 
 
 8
 A year elapsed between the July 1992 and June 1993 offenses. Under the test used in Mullins, where evidence of temporal proximity and regularity are weak or absent, similarity of the offenses may be enough, but there must be " 'a strong showing of substantial similarity.' " Mullins, 971 F.2d at 1144, quoting United States v. Hahn, 960 F.2d 903 (9th Cir.1992).
 
 
 9
 Whitestone contends that the offenses were different because the first involved a drug sale downtown where he was accompanied by others, while in the second he acted alone. He argues that the offenses were different because the first was charged in state court and the second in federal court. The government argues that the offenses were substantially similar because both took place in the same general area and both involved distribution of crack on the street.
 
 
 10
 We find that Whitestone's conduct on both occasions was sufficiently similar for the 8.92 grams to be considered part of the same course of conduct. In both, Whitestone was selling crack on the street in Charleston. Moreover, the amounts of crack he sold on both occasions were almost exactly the same. On July 30, 1992, Whitestone was selling rocks of crack weighing .14 grams each. On June 18, 1993, Whitestone possessed fifty-seven rocks of crack weighing approximately .15 grams each. Although the information available to the district court concerning both incidents was sparse, we are unable to say that the court clearly erred in finding that the 8.92 grams possessed on June 18, 1993, was relevant conduct.
 
 
 11
 The conviction and sentence are therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Whitestone was arrested and charged in state court, but his case appears to have remained unresolved until the charge was dismissed following his indictment in federal court a year later